# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| TY J. JACOT AND S.E.T. PACIFIC, INC., <br><br> Plaintiffs, <br> v. <br><br> JAY D. MILLER, RITA S. MILLER, INDIVIDUALLY AND AS TRUSTEES OF THE JAY AND RITA MILLER TRUST, and JOHN DOES I-III, <br><br> Defendants. | CIVIL CASE NO. 16-00074 <br><br> **ORDER RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMNET** |

Before the court is Defendants' Motion for Summary Judgment. ECF No. 98. Having considered Defendants' Memorandum in support of that motion, Plaintiffs' Opposition (ECF No. 99), Defendants' Reply (ECF No. 103), and the parties' arguments at the hearing on May 20, 2019,[1] this court hereby **GRANTS** summary judgment against S.E.T. Pacific, Inc., but **DENIES** summary judgment against Ty J. Jacot.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2005, Plaintiff Ty J. Jacot ("Jacot") and Defendants Jay and Rita Miller ("the Millers") were the only shareholders and board members of Plaintiff company S.E.T. Pacific, Inc. ("SET"). Mot. at

---

[1] As this court noted at the hearing on May 20, 2019, this court has not considered Plaintiffs' untimely Supplemental Declaration, ECF No. 107.

1

5, ECF No. 98. That year, the SET Board voted to purchase a luxury condominium on Guam as an investment. *Id.* SET funded the purchase of the condominium and placed title in SET's name. *Id.* at 5-6.

The Millers lived in the condominium for several years thereafter. Opp. at 4, ECF No. 99. Upon agreement between Jacot and the Millers, SET paid for expenses associated with the property, including common fees and upkeep costs. *Id*. In 2010, the SET Board (Jacot and the Millers) unanimously voted to transfer title to the condominium from SET to the Jay and Rita Miller Trust. Mot. at 6, ECF No. 98.

In 2016, Jacot discovered that the Millers had sold the condominium for approximately $1,600,000—a profit of $500,000 over the purchase price in 2005. Opp. at 5, ECF No. 99. Shortly after selling the condominium, the Millers left Guam without sharing the proceeds with Jacot. Mot. at 6, ECF No. 98.

According to Jacot, when he and the Millers agreed to purchase the condominium in 2010, they had agreed that the gross proceeds from the future condominium sale would be split evenly three-ways between Jacot, Rita Miller, and Jay Miller. Opp. at 4, ECF No. 99. Jacot further alleges that the reason he voted in 2010 to transfer the condominium from SET to the Jay and Rita Miller Trust was because SET was involved in lawsuits at the time, and the transfer was intended to shield the condominium from those lawsuits. *Id.* According to Jacot, the parties reaffirmed their agreement that proceeds from a future sale of the condominium would be divided evenly between the three parties. *Id.*

Upon discovering that the Millers had sold the condominium and departed with the proceeds, Jacot sued in the Superior Court of Guam for conversion, fraud, and constructive trust. ECF No. 1 at 1, 9. The Millers removed the case to federal court and moved to dismiss for failure to state a claim, contending that Guam's Statute of Frauds precluded relief on Jacot's claims. ECF Nos. 1, 8, 9. This court denied the Millers' motion to dismiss, holding that an agreement to share in the profits of the condominium sale is not covered by the Statute of Frauds. Order at 4-7, ECF No. 63. Defendants now move for summary judgment on several grounds. Mot., ECF No. 98.

## II. DISCUSSION

To prevail on a motion for summary judgment, the moving party must show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has "both the initial burden of production and the ultimate burden of persuasion." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). All issues of fact are believed in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

**A. Whether Jacot Has an Interest in the Condominium as a Shareholder of SET Stock**

Defendants first argue that Jacot's ownership of one stock in SET does not entitle him to a one-third interest in the proceeds of the condominium. Mot. at 8, ECF No. 98. Having reviewed Plaintiffs' Complaint, this court sees no allegation that Jacot's stock ownership entitles him to the condominium proceeds. *See* Compl., ECF No. 1. Indeed, Jacot clarifies in his Opposition that he makes no such argument. Opp. at 6, ECF No. 99. Rather, Jacot is arguing that he and the Millers had a separate

3

agreement to share the proceeds of the condominium sale. *Id*. Accordingly, this court sees no reason to consider Defendants' straw man argument regarding stock ownership.

### B. Whether the Millers' Promise Is Unenforceable for Lack of Consideration

Defendants next argue that the Millers' alleged promise to share proceeds with Jacot is unenforceable due to a lack of consideration. Mot. at 10, ECF No. 98. Jacot has asserted that the consideration he provided to Defendants was his "labor and services," some of which were unpaid. *Id.* at 11. Defendants argue that Jacot's labor (or promise to give free labor) was given to SET, not to the Millers, so it cannot constitute consideration for a promise from the Millers. *Id*. at 12.

Under Guam law, "[a] sufficient cause or consideration" is essential to the existence of a legally enforceable contract. 18 G.C.A. § 85102. The problem with Defendants' argument is that "[t]he performance or return promise may be given to the promisor or to some other person." Restatement (Second) of Contracts § 71(4) (1981). In other words, "[i]t matters not from whom the consideration moves or to whom it goes. If it is bargained for and given in exchange for the promise, the promise is not gratuitous." *Id*. Com. E. Thus, the fact that Jacot provided labor to SET as opposed to the Millers is irrelevant—the dispositive issue is whether he labored in exchange for the Millers' promise to share proceeds in the condominium sale. That is a factual question which the parties dispute. Accordingly, the issue of consideration is not ripe for summary judgment.

### C. Whether the Statute of Frauds Renders Plaintiffs' Claims Unenforceable

Defendants next argue that the alleged agreement between Jacot and the Millers to share proceeds is unenforceable under Guam's Statute of Frauds, 18 G.C.A. § 86106, which requires contracts involving interests in real property to be in writing. Mot. at 13, ECF No. 98. This court

4

rejected this argument when it denied Defendants' Motion to Dismiss. *See* Order at 4-7, ECF No. 63. Defendants have failed to convince this court to reconsider that ruling. As this court held previously, to the extent that Jacot and the Millers formed a joint venture or partnership to share proceeds from the sale of the condominium, such an agreement would not be covered by the Statute of Frauds.

### D. Whether SET Is a Proper Party

Lastly, Defendants assert that SET was not a party to the alleged agreement between Jacot and the Millers, so SET has no standing to enforce that agreement. Mot. at 14, ECF No. 98. Plaintiffs respond that transferring title to the condominium from SET to the Jay and Rita Miller Trust constitutes corporate waste. Opp. at 18, ECF No. 99. Defendants reply that corporate waste has not been alleged in this complaint, so Jacot's corporate waste arguments are irrelevant and improper. Reply at 8, ECF No. 103.

This court first notes that Jacot was a Member of the Board who, along with the Millers, voted to transfer the condominium to the Jay and Rita Miller Trust, without payment. Opp. at 4, ECF No. 99. It is therefore odd, to say the least, for him to allege corporate waste, as he could potentially be just as liable as the Millers in such a lawsuit.

More importantly, however, as Defendants correctly note, this is not a corporate waste lawsuit. Rather, this is a suit for Conversion, Fraud, and Constructive Trust. Compl. at 11-13, ECF No. 1. Each of those causes of action relate to alleged misdeeds committed by the Millers at Jacot's expense. Should Jacot prevail in this lawsuit, he will receive one third of the proceedings of the condominium

sale proceeds and, potentially, punitive damages or attorney's fees.[2] SET, on the other hand, will receive nothing. The fact that SET stands nothing to gain from this lawsuit demonstrates that SET has no "personal stake in the outcome of the controversy," and, consequently, lacks standing. *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975) (internal quotation marks omitted). Thus, summary judgment is **GRANTED** in Defendants' favor as to SET.

### III.  CONCLUSION

For the reasons stated herein, this court **HEREY ORDERS:**

1. Defendants' motion for summary judgment against Ty J. Jacot is **DENIED**.

2. Defendants' motion for summary judgment against S.E.T. Pacific, Inc. is **GRANTED**.

3. S.E.T. Pacific, Inc. is hereby **DISMISSED** from this lawsuit.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
     **Chief Judge**
**Dated: May 22, 2019**

---

[2] This court presently takes no position on the likelihood of success on Plaintiffs' requests for punitive damages and attorney's fees.