**THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| TY J. JACOT,<br><br>                Plaintiff,<br>      v.<br><br>JAY D. MILLER, RITA S. MILLER, INDIVIDUALLY AND AS TRUSTEES OF THE JAY AND RITA MILLER TRUST, and JOHN DOES I-III,<br><br>                Defendants. | CIVIL CASE NO. 16-00074<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION** |

Before the court is Defendants' Application for Reconsideration (ECF No. 117) of this court's Order Re: Defendants' Motion for Summary Judgment. *See* ECF No. 110. Defendants seek reconsideration of this court's identification of a factual issue as to whether Plaintiff provided consideration in exchange for Defendants' alleged promise. *Id*. at 4. For the reasons stated herein, Defendants' Application for Reconsideration is **DENIED.**

## I. BACKGROUND

For the factual and procedural background of this case, the reader is directed to this court's Order Re: Defendants' Motion for Summary Judgment, dated May 22, 2019. ECF No. 110. To summarize: Plaintiff Ty Jacot alleges that Defendants Jay and Rita Miller reneged on a promise to share the proceeds of a condominium sale. In the Millers' Motion for Summary Judgment, they argue that the promise they allegedly made to Jacot is legally unenforceable due to lack of consideration. Mot., ECF No. 98.

On May 20, 2019, this court held a hearing on Defendants' Motion for Summary Judgment. Following that hearing, this court issued its Order granting Defendants Motion in part and denying it

1

in part. Order, ECF No. 110. As to the issue of consideration, this court found that there exists a factual dispute as to whether Jacot provided consideration—in the form of "labor and services" or a promise to provide them—in exchange for the Millers' promise to share proceeds. *Id.* at 4.

## II. <u>DISCUSSION</u>

In the instant Application for Reconsideration, Defendants argue that this court erred in identifying a factual issue as to the existence of consideration. Defendants contend that, at the May 20, 2019 hearing, Jacot's counsel, Mr. Yanza, made a "judicial admission" that there was no such consideration. Mot. at 3-5, ECF No. 117. Defendants direct this court to two of Yanza's statements:

> Mr. Yanza: And then there was also discussion amongst themselves that consideration was not an issue. They're only raising this consideration issue now, Judge, after the fact. Remember when they purchased this condo, consideration was never an issue, tax was never an issue.
>
> The Court: Okay. So you agree that there has to be some consideration.
> Mr. Yanza: No, not for this matter, Your Honor, because the parties never agreed that consideration would be an issue.

Mot. at 4, ECF No. 117. Defendants interpret these statements to mean that "there were never any discussions between the parties of the consideration to be paid in exchange for the Defendants' promise." *Id*. Because no discussion of consideration occurred, Defendants argue, Yanza has admitted that no consideration was exchanged. *Id.*

Jacot responds that Defendants are misconstruing Yanza's statements. Jacot argues that Yanza "was conveying that the parties did not conduct a checklist discussion of the transaction." Opp. at 3, ECF No. 123. But, according to Jacot, absence of an explicit discussion regarding consideration is not absence of consideration. *Id*. Jacot additionally argues that, even if consideration was not provided, Jacot could prevail under a theory of promissory estoppel. *Id*. at 4, ECF No. 123.

2

As Defendants note, to be considered a judicial admission, "an attorney's statements must be deliberate, clear and unambiguous." *Macdonald v. General Motors Corp.*, 110 F.3d 337, 340 (6th Cir. 1997). The statements must be "deliberate waivers of the right to present evidence." *Id*.

Having reviewed the transcript in full, this court has confirmed that Yanza's statements, alone or combined, do not constitute a judicial admission. Immediately after Yanza stated "consideration was not an issue," he went on to argue that consideration was provided in the form of free labor and "work and effort." Yanza Decl., Ex. 1 at 30, ECF No. 125-1. Yanza and this court then discussed at length what evidence existed for the proposition that Jacot's free labor constituted consideration. *Id*. at 30-35. This court's review of the transcript confirms this court's impression at the hearing itself: Yanza was attempting to argue that consideration was not legally required; he was not admitting that consideration was not exchanged. His statements "dealt with opinions and legal conclusions"; they were not "deliberate waivers of the right to present evidence." *Macdonald*, 110 F.3d at 340-41. Accordingly, this court concludes that Yanza has not made a judicial admission waiving the issue of consideration.

### III. Conclusion

Defendants have failed to make "a manifest showing of a failure to consider material facts presented to the Court" before this court issued its Order Re: Defendants' Motion for Summary Judgment. *See* CVLR 7(p); Order, ECF No. 110. Therefore, Defendants' Application for Reconsideration is **DENIED.**

**SO ORDERED.**



/s/ **Frances M. Tydingco-Gatewood**
     **Chief Judge**
**Dated: Aug 09, 2019**